UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANTHONY RAY FORNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:23-CV-092-DCLC-CRW |
| | ) |
| KEITH SEXTON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

    This is a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 2]. On October 19, 2023, the Court entered an order noting that Petitioner "ha[d] not paid the $5.00 filing fee . . . [or] submitted a certificate from a jail official showing the amount of money he has in any jail account" [Doc. 5 p. 1]. This order also pointed out that "Petitioner's petition for § 2254 relief is almost completely illegible and nonsensical" [*Id.*]. Accordingly, the Court provided Plaintiff thirty days to "(1) pay the full filing fee or submit the necessary document for leave to proceed *in forma pauperis* and (2) file a legible § 2254 that clearly sets forth the conviction(s) he challenges, the state court actions in which he exhausted the claim(s) that he brings herein, and his claim(s) for relief." [*Id.* at 1–2]. The Court also notified Petitioner that if he did not fully comply with that order, the Court dismiss this case for want of prosecution without further notice [*Id.* at 2].

    After the Court entered this order, the Clerk docketed four letters from Petitioner [Docs. 6, 7, 8, 10], as well as Petitioner's amended petition for § 2254 relief [Doc. 9]. However, like Petitioner's original § 2254 petition, his recent letters and amended petition [Docs. 6, 7, 8, 9, 10] are all almost completely illegible and nonsensical. Moreover, in the sole fully legible and

comprehensible portion of his amended § 2254 petition, Petitioner indicates only that he seeks relief for "conspiracies of racial injustice and malpractice[.] Also racial hatred [and] homosexual hatred by Wash. Co. [and] then the federal government" [Doc. 9 p. 2]. But these generalized statements do not allow the Court to plausibly infer "that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," as required for him to be entitled to habeas corpus relief under § 2254. 28 U.S.C. § 2254(a). And Petitioner has failed to file the required documents to proceed *in forma pauperis*.

Thus, this action is subject to dismissal for at least three reasons, which the Court summarizes as follows:

(1) It is plainly apparent that Petitioner is not entitled to relief under § 2254 based on the only legible and comprehensible portion of his amended § 2254 petition, *see* Rule 4 of the Rules Governing § 2254 Cases (providing that a judge "must dismiss" a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court");

(2) The remainder of the amended petition is illegible, *see* Rule 2(c)(4) of the Rules Governing § 2254 Cases (providing that a § 2254 petition "must . . . be printed, typewritten, or legibly handwritten"); and

(3) It is apparent that Petitioner did not attempt to comply with the Court's unambiguous instructions in its previous order regarding him filing a legible amended § 2254 petition setting forth his claims for relief and other pertinent information, despite the Court warning him that failure to do so would result in dismissal of this action. Thus, the Court finds that this action is subject to dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure after consideration of the relevant factors. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

As such, this action will be **DISMISSED**.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas corpus petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As reasonable jurists would not debate the Court's findings that (1) the legible and comprehensible portion of Petitioner's amended § 2254 petition does not state a valid claim for a denial of Petitioner's constitutional rights; (2) the remainder of the amended § 2254 petition is illegible; and (3) Petitioner's amended § 2254 petition did not comply with the Court's previous order, a COA **SHALL NOT ISSUE**.  Further, the Court also **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge
